Case 19-00748   Doc 10   Filed 08/13/19   Entered 08/14/19 10:06:19   Desc Main
Document      Page 1 of 3
19-00748:6.3:Motion for Default Judgment:Proposed Findings of Fact and Conclusions of Law Entered: 8/6/2019 2:10:56 PM by:Caroline Hasten Page 1 of 3
56079 Findings of Fact and Conclusions of Law

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re:<br>Consuela Lewis,<br>    Debtor. | Chapter 13<br>Case No. 19-13671<br>Judge Schmetterer |
| Kimberly Clark Credit Union,<br>    Plaintiff,<br><br>        v.<br><br>Consuela Lewis,<br>    Defendant. | Adv. No. 19-748 |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Debtor Consuela Lewis ("Defendant") filed his petition for relief under Chapter 13 of the Bankruptcy Code. Plaintiff, Kimberly Clark Credit Union ("Plaintiff") instituted the above entitled Adversary Proceeding seeking determination of non-dischargeability of debt against Defendant under 11 U.S.C. §§ 523(a)(2)(A).

### FINDINGS OF FACT

1. Plaintiff is a not-for-profit member owned financial institution.

2. Defendant is an individual currently residing in Homewood, Illinois.

3. At all times pertinent hereto, the Defendant was a member of the Credit Union with a share account.

4. The Credit Union allows members to use their smart phone cameras to deposit checks. Using the Credit Union's smart phone application, a member takes a picture of the front and back of the check to deposit a check into her share or checking account. This is called mobile deposit.

5. Once a check is deposited into a share account through mobile deposit, the funds are available immediately.

6. On or about March 15, 2019, the Defendant presented a check to the Credit Union for $3,136.49 via mobile deposit (the "Original Check.") The Original Check was drawn on Chase Bank showing Uptake Technologies as the drawee.

7. On or about April 26, 2019, the Defendant presented a check to the Credit Union for $3,136.49 via mobile deposit (the "Altered Check"). The Altered Check was also drawn on Chase Bank showing Uptake Technologies as the drawee.

8. The Altered Check was identical to the Original Check, but one number in the account number was changed from a 6 to an 8 and the back endorsement section appeared to have white out.

9. On April 26, 2019, the Defendant made several withdrawals from her share account, leaving a balance of $5.00.

10. On May 1, 2019, Chase Bank dishonored the Altered Check, leaving the share account overdrawn by $3,131.49.

11. The Credit Union made several attempts to contact the Defendant to determine if she was aware the Altered Check was altered.

12. The Credit Union made a demand on the Defendant to return funds to the Credit Union.

13. On May 20, 2019, the Defendant filed the underlying Chapter 13 Bankruptcy case.

## JURISDICTION AND VENUE

14. Jurisdiction lies over this proceeding under 28 U.S.C. § 1334(b), and the proceeding has been referred here by Internal Operating Procedure IOP15 of the District Court.

The Complaint seeks to determine the dischargeability of debt and is therefore a core proceeding under 28 U.S.C. § 157(b)(2)(I).

15. Venue is properly placed in this court under 28 U.S.C. § 1409(a).

## CONCLUSIONS OF LAW

16. As of March 13, 2019, the Defendant remains indebted to Plaintiff in the sum of $3,131.49 plus attorneys' fees and costs.

17. The Defendant defrauded the Credit Union by depositing an altered check into her share account and withdrawing the funds before the altered check was dishonored.

18. Pursuant to Federal Rule of Bankruptcy Procedure 7055(b), the Defendant is hereby defaulted as she was properly served, has not filed an answer, nor has she responded to Plaintiff's Complaint.

19. Pursuant to 11 U.S.C. 523(a)(2)(A) of the Bankruptcy Code, said debt is not dischargeable.

Enter: /s/ [signature]

Dated: 13 AUG 2019

PREPARED BY:
TRUNKETT & TRUNKETT, P.C.
Attorneys for Plaintiff
20 N. Wacker Drive, Suite 1434
Chicago, Illinois 60606
(312) 324-3101
Caroline Hasten: 6316656
David Lipschutz: 6301849